UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-09237-AH-(RAOx) | Date | February 3, 2025 |
| Title | *Advanced Orthopedic Center Inc v. Lakeside Medical Organization* | | |

Present: The Honorable   Anne Hwang, United States District Judge

| Yolanda Skipper | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   (IN CHAMBERS) ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [13], AND STRIKING PLAINTIFF'S MOTION TO REMAND [10] AND MOTION FOR RECONSIDERATION [15]   [JS-6]

Before the Court is a Motion to Dismiss filed by Defendant Lakeside Medical Organization, a Medical Group, Inc. ("Defendant"). Plaintiff Advanced Orthopedic Center Inc ("Plaintiff") has not opposed. Plaintiff has also filed a Motion to Remand and a Motion for Reconsideration. The Court deems the Motions appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); L.R. 7-15.

## I.   LEGAL STANDARD

To date, Plaintiff has filed no opposition to the present Motion to Dismiss. *See* L.R. 7-9 (an opposition brief is to be filed no later than twenty-one (21) days before the hearing). Local Rule 7-12 states that the "failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion[.]" L.R. 7-12; *see Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal.") (citation omitted).

Before dismissing an action for noncompliance with a local rule, a district court must weigh several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Ghazali*, 46 F.3d at 53 (internal quotation marks and citation omitted).

## II.   DISCUSSION

### A.   Motion to Dismiss

The balance of these factors weighs in favor of dismissal. The "public's interest in expeditious resolution of litigation always favors dismissal." *Wystrach v. Ciachurski*, 267 F.App'x 606, 608 (9th Cir. 2008) (internal quotation marks and citation omitted). Moreover, "[t]he Court's docket benefits from dismissal where Plaintiff has shown a disinterest in prosecution by failing to respond to a dispositive motion." *Wiley v. Cedars-Sinai Med. Ctr.*, 2024 WL 5257027, at *1 (C.D. Cal. Oct. 16, 2024). Plaintiff's failure to file an opposition also prevents Defendant from timely concluding this matter, causing Defendant to incur continued costs and fees. *Id.* (holding that "the expenditure of additional 'time and money' because of opposing party's actions may result in prejudice") (quoting *W. Coast Theater Corp. v. City of Portland*, 897 F.2d 1519, 1524 (9th Cir. 1990)). Lastly, factors four and five "bear less weight in light of Local Rule 7-12, under which all parties are advised that failing to respond to a motion constitutes consent to the Court granting a motion to dismiss without considering the merits." *Id.*; L.R. 7-12.

Thus, these factors in weigh in favor of dismissal with prejudice. *See Dickinson v. Ocwen Loan Servicing, LLC*, 466 F.App'x 567, 568 (9th Cir. 2012) ("[t]he district court did not abuse its discretion by dismissing Dickinson's action with prejudice where Dickinson did not file an opposition to defendants' motion to dismiss").

### B.   Motion to Remand and Motion for Reconsideration

Plaintiff has filed a Motion to Remand (Dkt. No. 10) and a Motion for Reconsideration (Dkt. No. 15).

      Plaintiff is an organization appearing pro se, which is in violation of Local Rule 83-2.2.2. Plaintiff was ordered to retain counsel within thirty (30) days by the Court on October 30, 2024, or be dismissed from the case. Order to Retain Counsel, Dkt. No. 12. Plaintiff has failed to comply with that order and dismissal is warranted on that basis as well.

      Given that Plaintiff has still failed to retain counsel, Plaintiff's Motion to Remand and Motion for Reconsideration are also hereby stricken.

### III. CONCLUSION

      Accordingly, Defendant's Motion to Dismiss is GRANTED, and this action is DISMISSED with prejudice.

      Plaintiff's Motion to Remand and Motion for Reconsideration are hereby stricken.

      The Court directs the Clerk of Court to close the case.

**IT IS SO ORDERED.**